UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

EDISON DANIEL REED,

    Plaintiff,

v.

AMERICAN ASPHALT PAVING, LLC,
JOSEPH D. HOLLEY, and JENNIFER HOLLEY,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, EDISON DANIEL REED, ("REED"), by and through his undersigned attorney, files this Complaint for Damages against Defendants, AMERICAN ASPHALT PAVING, LLC, a Florida limited liability company, JOSEPH D. HOLLEY, and JENNIFER HOLLEY, and states:

## INTRODUCTION

1. This is an action to recover unpaid overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant AMERICAN ASPHALT PAVING, LLC was an engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in

1

commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. During all times during Plaintiff's employment with the Defendants, the Defendants employed at two or more employees who were engaged in interstate commerce, or who were handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any other person.

4. Defendants operated an asphalt business. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, the Plaintiff and other employees regularly and recurrently handled tools, equipment, and road construction materials which were originally manufactured outside the State of Florida.

5. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00 annually.

6. At all times material hereto, corporate Defendant AMERICAN ASPHALT was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

7. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

8. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

9. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida, and

   b. Defendants were and continue to be company and an individual doing business within this judicial district.

## PARTIES

10. At all times material hereto, Plaintiff, REED was a resident of Tampa, Florida.

11. At all times material hereto, corporate Defendant, AMERICAN ASPHALT PAVING, LLC was conducting business in Tampa, Florida, with its principal place of business in that city.

12. The Plaintiff was an "employee" of the Defendants within the meaning of the FLSA.

13. At all times material hereto, Defendant AMERICAN ASPHALT was an employer of Plaintiff, REED within the meaning of the FLSA.

14. At all times material hereto, Defendant JOSEPH D. HOLLEY was an employer of Plaintiff, REED within the meaning of the FLSA.

15. At all times material hereto, Defendant JENNIFER HOLLEY was an employer of Plaintiff, REED within the meaning of the FLSA.

16. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff REED his lawfully earned wages in conformance with the FLSA.

17. At all times material hereto, the work performed by Plaintiff, REED was directly essential to the business performed by Defendants.

18. The Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

19. Plaintiff, REED was employed by Defendants from or about January 2018 to about February 7, 2019.

20. The Plaintiff worked as a heavy machine operator and team leader. He also worked as a driver during part of his employment.

21. Defendants paid Plaintiff, REED on an hourly basis.

22. The Plaintiff worked in excess of forty hours per week, but was not paid at the required overtime rate for all hours worked over forty in a workweek.

23. Defendants required or permitted to the Plaintiff to perform work activities to prepare the work vehicle prior to leaving the shop for the jobsite at the beginning of the workday.

24. Defendants required or permitted the Plaintiff to perform work activities upon returning from the jobsite back to the shop, including but not limited to unloading the tools, disconnecting the trailers, loading sand, and cleaning the trailer.

25. Defendants failed to pay the Plaintiff for all work time spent driving to the jobsite from the shop and from the jobsite back to the shop.

26. Defendants failed to pay the Plaintiff for all overtime hours he worked.

27. Defendants knowingly and willfully operated their business with a policy or practice of not paying the Plaintiff wages in conformance with the FLSA.

28. Defendant JOSEPH HOLLY was a manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations.

29. Defendant, JOSEPH D. HOLLEY was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

30. Defendant, JENNIFER HOLLEY was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

### STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

31. Plaintiff realleges Paragraphs 1 through 30 as if fully stated herein.

32. While the Plaintiff was employed by Defendants, in addition to Plaintiff's normal regular workweek, the Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the required overtime rate.

33. Plaintiff was entitled to be paid overtime wages for his hours worked in excess of the maximum hours provided for in the FLSA.

34. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

35. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this

case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due.

36. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the required overtime rate for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

37. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

38. Due to the intentional, willful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

39. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that the Defendants has violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 9, 2019.

          Respectfully submitted,

          /s Samara Robbins Bober
          SAMARA ROBBINS BOBER
          FBN:  0156248
          PETER BOBER
          FBN:  0122955
          BOBER & BOBER, P.A.
          2699 Stirling Road
          Suite A-304
          Hollywood, FL 33020
          Phone: (954) 922-2298
          Fax: (954) 922-5455
          peter@boberlaw.com
          samara@boberlaw.com
          *Attorneys for Plaintiff*